UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EVERETT JONES

                          Plaintiff,

           -against-

CARE CUSTODY AND CONTROL OFFICERS, C.O.
ALMODOVAR (Shield No. 16078), GUARNERI (Shield
No. 71), CAPTAIN WILLIAMS (Shield #820),

                         Defendants.[1]

------------------------------------------------------------------ x

**ANSWER TO SECOND AMENDED COMPLAINT**

Jury Trial Demanded

07 CV 7653 (DAB) (AJP)

        Defendants Correction Officer ALMODOVAR, Shield No. 16078, and Captain WILLIAMS, Shield #820, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the second amended complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "I" of the prisoner form second amended complaint including all subparagraphs, except admit that plaintiff purports name the parties to the action therein.

        2.    Deny the allegations set forth in paragraph "II" the Statement of Claim Section of the prisoner form second amended complaint, except admit that on June 18, 2007 plaintiff was incarcerated at the Anna M. Kross Center on Rikers Island and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether he was involved in a physical altercation with another inmate. Defendants state further that the

---

[1] A check of the docket sheet indicates that the defendants identified as "Care Custody and Control Officer" and "Guarneri (Shield No. 71)" have not been served with a copy of the amended summons and complaint nor have they requested representation from this Office. Upon information and belief the defendant identified as "Care Custody and Control Officer" is not a suable entity.

allegations concerning the Eighth Amendment constitutes conclusions of law rather than averments of fact and accordingly, no response is required.

3.	Deny the allegations set forth in Paragraph "III" of the prisoner form second amended complaint.

4.	Deny the allegations set forth in Paragraph "IV" of the prisoner form second amended complaint including all subparagraphs.

5.	Deny the allegations set forth in Paragraph "V" of the prisoner form second amended complaint, except admit that plaintiff purports to seek damages as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

6.	The prisoner form second amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

7.	Defendants Almodovar and Williams, have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

8.	Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

9. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

10. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

11. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

12. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(e).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

13. Defendants Almodovar and Williams have not violated any clearly established Constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

14. The actions by any correction officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15. Defendant Williams had no personal involvement in the allegations alleged in the complaint.

**WHEREFORE,** defendants Correction Officer Almodovar, Shield No. 16078, and Captain Williams, Shield #820, request judgment dismissing the prisoner form second amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 29, 2008

>                                     MICHAEL A. CARDOZO
>                                     Corporation Counsel of the
>                                       City of New York
>                                     Attorney for Defendants Almodovar, Shield No.
>                                     16078, and Williams, Shield #820
>                                     100 Church Street
>                                     New York, New York 10007
>                                     (212) 442-8690
>
>                              By:    _____
>                                     Sabrina Tann (ST 2552)
>                                     Assistant Corporation Counsel

To:  Everett Jones (# 07-A-5636)[2]
     Five Point Correctional Facility
     State Route 96 P.O. Box 119
     Romulus, New York 14541
     (By First Class Mail)

---

[2] A check of the docket sheet indicates that the DIN for Everett Jones may have been entered improperly. The docket sheet provides that Jones' DIN is (#07-A-5336), however correspondence sent to Jones by this office was returned to sender. Also, in Jones' correspondence with this office he indicates that his DIN is (#07-A-5636).

07 CV 7653 (DAB) (AJP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| EVERETT JONES<br><br>                                                Plaintiff,<br><br>                     -against-<br><br>CARE CUSTODY AND CONTROL OFFICERS, C.O. ALMODOVAR (Shield No. 106078), GUARNERI (Shield No. 71), CAPTAIN WILLIAMS (Shield #820),<br><br>                                               Defendants. |
| **ANSWER TO THE SECOND AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City defendants Almodovar, Shield*<br>*No. 16078, and Williams, Shield #820*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Sabrina Tann*<br>*Tel: (212) 442-8600* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................................................2008*<br><br>*................................................................................. Esq.*<br><br>*Attorney for ........................................................................* |

- 5 -

## DECLARATION OF SERVICE

**SABRINA TANN** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On February 29, 2008, I caused to be served the annexed **ANSWER** upon the following pro se plaintiff herein, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to pro se plaintiff at the address set forth below, being plaintiff's home address:

> Everett Jones (# 07-A-5636)
> Five Point Correctional Facility
> State Route 96 P.O. Box 119
> Romulus, New York 14541

Dated:   New York, New York
         February 29, 2008

_____
Sabrina Tann