UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

EVERETT JONES

                                              Plaintiff,

-against-

CARE CUSTODY AND CONTROL OFFICERS, C.O.
ALMODOVAR (Shield No. 16078), GUARNERI (Shield
No. 71), CAPTAIN WILLIAMS (Shield #820),

                                              Defendants.

------------------------------------------------------------ x

**STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL**

07 CV 7653 (DAB) (AJP)



       **WHEREAS,** plaintiff EVERETT JONES commenced this action *pro se* by filing a complaint on or about August 28, 2007 alleging violations of certain of his federal rights; and

       **WHEREAS,** defendants deny any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** *pro se* plaintiff agrees to settle this matter on the terms set forth below:

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees except as provided for in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff the sum of NINE HUNDRED DOLLARS ($900) in full satisfaction of all claims, including

claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all claims against all individually named defendants, and to release all defendants and any present or former employees or agents of the City of New York, and the City of New York, from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release and an Affidavit of No Liens based on the terms of paragraph 2 above.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
March 25, 2008

Everett Jones (# 07-A-5636)
*Pro Se* Plaintiff
Five Point Correctional Facility
State Route 96 P.O. Box 119
Romulus, New York 14541


By: _____
EVERETT JONES
*Pro Se* Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants Almodovar, Shield
No. 16078, and Williams, Shield No. 820
100 Church Street, Room 3-221
New York, New York 10007
(212) 442-8600

By: _____
SABRINA TANN (ST 2552)
Assistant Corporation Counsel
CARYN ROSENCRANTZ (CR3477)

**SO ORDERED:**

Deborah A. Batts
United States District Judge  5/9/08

3